**Ruth Ann LAWSHE, Plaintiff–Appellant,**

v.

**AMERUS LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 00–15643.

D.C. No. CV–98–00739–FCD/DAD.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Sept. 26, 2001.

Before POLITZ,* W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Ruth Ann Lawshe ("Lawshe") appeals the district court's grant of summary judgment to defendant AmerUs Life Insurance Company ("AmerUs"). Because contradictory statements by AmerUs create genuine issues of material fact as to the terms of the relevant insurance policy and as to whether a proper notice of lapse was sent to the correct address, we reverse the grant of summary judgment.

## I

Lawshe was the named beneficiary for a life insurance policy issued by AmerUs on the life of Lawshe's father. Following his death, AmerUs refused to pay off on the policy, claiming it had lapsed eight days prior to his death, when a 60–day grace period ended with no premium payment having been received. Lawshe sued AmerUs, alleging that she was entitled to the policy's $500,000 death benefit.

During the course of the pleading and discovery stages of the litigation, AmerUs made a series of admissions that are the focus of the present appeal. First, in its

answer to Lawshe's complaint, AmerUs admitted that the governing policy was the policy attached to the complaint. Second, AmerUs admitted in its answer that "[t]he insured, pursuant to the terms of the policy, paid all scheduled premiums of $1875.00 on a quarterly basis." Finally, in its initial interrogatory responses, AmerUs admitted that the Notice of Pending Lapse was sent to the policyholder at the wrong address.

AmerUs moved for summary judgment, and in support of that motion, offered a declaration of a company official that contradicted each of the admissions. First, attached to the declaration as an exhibit was a copy of a computer-recreated policy that was different from the policy that had been attached to the complaint. The policy attached to the complaint was a computer-recreated policy that had been provided to Lawshe by AmerUs after her father's death but prior to the beginning of the litigation. The declaration stated that AmerUs had subsequently discovered that the first computer-recreated policy that it had provided was not the true policy. Second, the declaration contradicts the admission in the answer that all premium payments were made, stating instead that the policyholder "made only 19 of the [21] planned premium payments." Finally, the declaration contradicts the admission regarding notice; it states that "[t]he response given in AmerUs' initial interrogatory responses for the address at which Notice of Pending Lapse was sent . . . was incorrect." AmerUs said that the erroneous interrogatory answer was the result of reliance on the company's paper files, which did not show an updated address. In connection with the declaration, Ame-

---

* Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

rUs produced a computer tape purportedly demonstrating that the change of address had been entered into the company's computer system and a copy of an annual statement from the files of the family's agent that purportedly shows the address change. The declaration states that the company retains no copies of the notices actually sent out, but the company produced microfiche copies of computer-generated reports sent to the agent indicating that lapse was pending and that a notice had been mailed to the policyowner. AmerUs also introduced the deposition testimony of the agent that he had telephoned and faxed to the family notice of the lapse, though the agent also gave apparently inconsistent testimony that the family had no telephones.

In each instance, the difference between the initial admission and the subsequent contradiction creates potentially significant consequences in the litigation. First, the policy attached to the complaint and initially admitted to be correct by AmerUs contained a different Table of Guaranteed Maximum Insurance Rates, listing rates lower than the rates applicable in the policy that AmerUs later claimed was the governing policy. If the table contained in the policy attached to the complaint is correct, Lawshe argues, the policyholder paid an overcharge large enough to keep the policy in force until Lawshe's father died, and AmerUs is not entitled to judgment. Similarly, if the payment admission was correct and AmerUs had received three more payments than it now contends its records indicate, the cash value of the policy may have been sufficient to extend the policy beyond the date of the insured's death. Finally, if the notice admission was correct and the notice of impending lapse was not sent to the policyholder at the correct address, AmerUs was in violation of the express terms of the policy and in breach of the covenant of good faith and

fair dealing implied into every insurance contract under California law. *See Jones v. Grewe,* 189 Cal.App.3d 950, 955–56, 234 Cal.Rptr. 717 (1987). There may also be a genuine dispute about the content of the notice of impending lapse, as well as the address to which it was sent.

## II

■ Lawshe argues that AmerUs should be bound to its admissions, in the sense that the facts admitted must be taken to be conclusive. Under this argument, AmerUs would not be permitted to retract or contradict these admissions. However, in her district court opposition to summary judgment, Lawshe never argued that AmerUs had made binding admissions. While "[a]dmissions in pleadings are generally binding on the parties and the Court," where an appellant raises for the first time on appeal an argument that the other party should be bound by an admission in that party's pleadings, the argument is waived. *In re Bakersfield Westar Ambulance, Inc.,* 123 F.3d 1243, 1248 (9th Cir.1997). "Normally, failure to contend that an opposing party's admission barred entry of conflicting evidence is a waiver of the argument that the issue was conclusively settled." *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 227 (9th Cir.1988). Having never brought the admissions to the attention of the district court and the opposing party, Lawshe may not now seek to bind AmerUs to its initial admissions.

## III

■ Lawshe argues that even if AmerUs is not conclusively bound to its admissions, the contradictory statements by AmerUs at least create genuine issues of material fact that should have defeated summary judgment. We agree, at least as to the question of which policy is the gov-

erning policy, and as to the question of whether proper notice of lapse was sent to the correct address. We do not reach the issue of the admission regarding the payments of premiums, as the issue was not raised in the district court and therefore is not properly before us. *See McMillan v. United States,* 112 F.3d 1040, 1047 (9th Cir.1997). We do not intimate a view on whether the district court should, on remand, allow Lawshe to raise this issue.

■ "When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *Huey v. Honeywell,* 82 F.3d 327, 333 (9th Cir.1996). If the initial admission was made without adequate information, "that goes to its weight, not to its admissibility." *Id.*

In this case, the admissions that the governing policy was the policy attached to the complaint and that the notice of lapse was sent to the wrong address remain evidence to be considered in the case and weighed against the company's later contradictory statements. We do not hold that a factual conflict produced entirely by one party's contradictory statements necessarily renders summary judgment unavailable. It may be that earlier admissions can be explained to such a degree that there will be no genuine issue of material fact, but on the record now before us we cannot say that this has been done.

Here, the record as to the policy consists of AmerUs' admission that the policy attached to the complaint was the true policy; its contradicting statement that a different, computer-generated policy was the

true policy; and its reliance on the copy of a policy found by Lawshe's mother that matched the computer-generated policy. It is possible that the policy found by Lawshe's mother is the true policy, but we note that it is not uncommon for there to be superseding or replacement policies and for a survivor not to know whether a found policy is the true policy. The record as to the notice of policy lapse consists of admission, an inconsistent computer-generated notice of lapse, and apparently internally inconsistent statements by the agent. These conflicts raise genuine issues of material fact as to which policy is the governing policy and whether a sufficient notice of lapse was sent to the correct address.

REVERSED and REMANDED.